WRIGHT, Presiding Judge.
This is an action for breach of a written contract. The trial court sitting without jury found in favor of plaintiff Cooper and awarded damages in the amount of $2,622. Defendant Heath appeals.
On February 12, 1976, the parties each owned equal interests in two businesses. They each owned a twenty-two and one-half percent interest in the corporation Budget Rent-A-Car of Huntsville, Inc. Each also owned five percent interest in Holiday Office Center, Ltd., a limited partnership located in Huntsville. They were the only general partners in Holiday Office Center, Ltd., and managed the affairs of the business. Heath was in fact the active managing partner.
After having discussed a trade of interests for several months, the parties executed a contract drawn by the attorney for Heath. That contract provided for an exchange between them of their respective interests in the companies. Heath agreed to receive Cooper’s interest in Holiday Office Center, Ltd., and Cooper agreed to receive Heath’s stock in Budget Rent-A-Car, Inc. Heath also agreed to assume a $12,000 note owed by Cooper to a bank. The contract was declared to be retroactively effective to December 31,1975. The part of the contract alleged to have been breached by defendant is sub-paragraph two of paragraph number “5”. Paragraph “5” is as follows:
“5. Final Dividend Disbursement: It is understood and agreed that the accounting firm of Borland and Borland shall prepare a balance sheet and profit and loss statement as of December 31, 1975 for Budget Rent-A-Car of - Huntsville, Inc. Profits, for the year 1975, shall be distributed to the parties hereto in accordance with the capital stock owned by each party hereto as of December 31, 1975, the report of said accounts and as directed by the Board of Directors of Budget Rent-A-Car of Huntsville, Inc.
“It is further understood that the accounting firm of Dudley, Hopton-Jones, Sims and Freeman shall prepare a balance sheet and profit and loss statement as of December 31, 1975 for Holiday Office Center, Ltd. Profits, for the year *985 1975, shall be distributed to the parties hereto in accordance with the units of ownership owned by each party hereto as of December 31, 1975, the report of said accounts and the allocation of profits customarily followed by said partnership.
“Heath shall not be entitled to any profits earned by Budget Rent-A-Car of Huntsville, Inc. from and after January 1, 1976. Cooper shall not be entitled to any profits earned by Holiday Office Center, Ltd. from and after January 1,1976.”
The evidence discloses without conflict that the balance sheet and profit and loss statement for each business was prepared as required by the paragraph “5.” It is without dispute that the statement for Rent — A-Car showed a profit on the interest of Heath for the year 1975 of $5,123.23. Cooper sent Heath a check for the corporation in that amount. Heath accepted it, cashed it and paid income tax on it.
The evidence further shows that the profit and loss statement was prepared for Holiday Office Center, Ltd. as required by the contract. It showed a profit on the five percent interest of Cooper for 1975 in the amount of $2,622. An income tax schedule prepared for the partnership showed that amount as taxable income of Cooper. However, none of the profits of the partnership were distributed, but were shown to have been used to pay for capital improvements on partnership property. Each partner’s capital account was credited with his share of the profits. As Cooper’s interest had been conveyed to Heath, Heath’s capital account was credited with the profit earned by both his own and Cooper’s interest in 1975.
The trial court rendered judgment in favor of Cooper and against Heath.
The only issue we can discern presented by argument of Heath is that the court found as fact that the debt claimed by Cooper was owed by the partnership but that the court erroneously entered judgment against Heath individually.
We are unable from the record to find a valid basis for this issue. We conclude that Heath assumes matters not decided by the court. He relies on a colloquy which is stated by the judge to be his reflections of the matters raised by briefs of counsel and the evidence in the case. The judgment rendered is against Heath individually, not against the partnership. It cannot be collected from the partnership. The partnership has never been a party. In his “reflection” the judge finds that the contract is not ambiguous and states, inter alia:
“As I read the contract . . . and its pertinent parts it involves an exchange of two business assets by two individuals. Mr. Heath was to give up his interest in the car company and Mr. Cooper was to give up his interest in the office center. The provisions in paragraph number 5 . very clearly dealt with not consideration for those exchanges at all but with final disbursement of profits from those businesses so that whatever the person had as of December 31st he retained. The language of paragraph two of that paragraph is clear, that there will be an accounting, that a profit and loss statement will be rendered and profits for the year will be distributed.” (R. 75).
The court then uttered the statement on which Mr. Heath now relies as error for reversal. That statement is:
“The difference in the two companies that were exchanged is that one was a corporation and the other was a limited partnership. The defendant, Mr. Heath, is the sole remaining general partner after the departure of the plaintiff in this case and the partner is liable for the obligation of the partnership solely and therefore whether it is the partnership or him individually he is liable for the profits to the plaintiff and I adjudge those to be in the amount of $2,622 for which judgment will render in this case.” (R. 76). [Emphasis ours.]
It is from this statement that Heath concludes that the court determined the partnership liable for the payment to Cooper. We reach no such conclusion. The judge had already said the contract was between individuals and was a mere exchange of interests as they existed as of December 31, *986 1975. We construe therefore the last statement to merely mean that the partnership was solely controlled by Heath after February 1976 and that he was in position to disburse the profits shown by the profit and loss statement to be due Cooper as agreed upon in the contract. Such profits were a part of the interest of Cooper in the partnership as of December 31, 1975. If Heath did not choose to pay the profits from partnership assets, he would still be individually responsible for that amount. We consider the trial court to be correct in its statement, and find no basis for the conclusion that it determined the debt due plaintiff to be that of the partnership.
Heath states in brief that he agrees with all findings of fact of the trial court except the finding that Holiday Office Center, Ltd. should have distributed profits to Cooper. We have shown that the trial court made no such finding of fact. Heath throughout his brief persists in the contention that the judgment below was based upon a determination that the debt sued for was owed by the partnership and not by him individually but since he was the sole general partner he must pay. This contention is not supported by the record.
An appeal must be founded upon erroneous and prejudicial rulings of the trial court appearing in the record. J. H. Morris, Inc. v. Indian Hills, Inc., 282 Ala. 443, 212 So.2d 831 (1968), 4A C.J.S. Appeal and Error § 1154. Appellant presents issues on this appeal which are not supported by the record. There having been no error shown by the appeal, we affirm the judgment of the trial court.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.